UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CURTIS RAY HARRIS,

                Plaintiff,

    v.

DON HARIG, et al.,

                Defendants.

CASE NO. C17-0813-RSM

ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL

This matter comes before the Court on Plaintiff's "Application for Court-Appointed Counsel." Dkt. #4. Plaintiff's Motion is a form motion indicating that this Plaintiff has not been granted *in forma pauperis* status. *Id*. at 1. Although the form suggests it, Plaintiff does not submit a financial affidavit or otherwise explain his financial need for court-appointed counsel. Under "previous efforts to retain an attorney," Plaintiff states only "[f]ixed income (social security) can't afford the cost of a lawyer." *Id*. at 2. Plaintiff does not attach a statement indicating why his claims have merit, although this is suggested by the form. *Id*. Plaintiff has essentially failed to provide any information with this form except the above sentence.

In civil cases, the appointment of counsel to a *pro se* litigant "is a privilege and not a right." *United States ex. Rel. Gardner v. Madden,* 352 F.2d 792, 793 (9th Cir. 1965) (citation

ORDER DENYING PLAINTIFF'S MOTION TO
APPOINT COUNSEL - 1

omitted). "Appointment of counsel should be allowed only in exceptional cases." *Id.* (citing *Weller v. Dickson,* 314 F.2d 598 (9th Cir. 1963)). A court must consider together "both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983). In "exceptional circumstances," a district court may appoint counsel for indigent civil litigants. 28 U.S.C. § 1915(e)(1); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998).

Plaintiff has not presented enough information as to his financial status. Although Plaintiff has stated that he has a fixed income, he has not stated what that income is or his total assets, and in any event he has been able to afford the filing fee in this case. *See* Dkt. #5 at 1. Plaintiff has also failed to argue why his case has a likelihood of success on the merits. Accordingly, the Court finds that Plaintiff has not demonstrated the "exceptional circumstances" necessary to appoint counsel and will deny Plaintiff's Motion. Nothing in this Order prohibits Plaintiff from refiling his Motion with the above missing information.

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion to Appoint Counsel, Dkt. #4, is DENIED.

DATED this 27 day of June 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE